IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ALPHA EXPRESS, LLC
    1071 E 45th Way
    Long Beach, CA 90807,

                    **Plaintiff,**          No.  1:24-cv-01443-DAT

v.

THE UNITED STATES OF AMERICA,

                    **Defendant.**

## COMPLAINT FOR REFUND

Plaintiff, Alpha Express, LLC, files this Complaint for Refund pursuant to 26 U.S.C. § 7422 against Defendant, the United States of America, seeking a refund of employee retention tax credits, plus interest thereon pursuant to 26 U.S.C. §§ 6611 and 6621. Plaintiff's refundable employee retention tax credit for the employment tax quarters at issue are as follows.

| Tax Period | Refundable Employee Retention Credit |
| --- | --- |
| Employment Tax Quarter Ending June 30, 2020 | $94,495.65 |
| Employment Tax Quarter Ending September 30, 2020 | $131,759.99 |
| Employment Tax Quarter Ending December 31, 2020 | $54,057.45 |
| Employment Tax Quarter Ending March 31, 2021 | $361,017.63 |
| **Total** | **$641,330.72** |

To the extent applicable, Plaintiff seeks reasonable litigation and administrative costs as permitted by 26 U.S.C. § 7430. Plaintiff alleges:

### I.    PLAINTIFF

1.    Plaintiff, Alpha Express, LLC, is a domestic for-profit California limited liability company with its principal place of business at 1071 E 45th Way, Long Beach, CA 90807.

2.    Plaintiff's FEIN is ███████1655.

1

## II.  DEFENDANT

3. Defendant is the United States of America.

## III.  JURISDICTION AND VENUE

4. This Court has jurisdiction for the recovery of Federal tax, interest, and penalties founded upon the Internal Revenue Code pursuant to 28 U.S.C. §§ 1346(a)(1) and 1491(a).

5. Plaintiff complied with the requirements of 26 U.S.C. § 7422(a) by filing claims for refund via Forms 941-X, Adjusted Employer's Quarterly Federal Tax Return or Claim for Refund, for each of the periods at issue.

6. Before May 1, 2023, Plaintiff paid all amounts due for the employment tax quarters ending June 30, 2020, September 30, 2020, December 31, 2020, and March 31, 2021.

7. On or around May 1, 2023, Plaintiff filed the attached Forms 941-X (Exhibit C) for the employment tax quarters ending June 30, 2020, September 30, 2020, December 31, 2020, and March 31, 2021 (collectively, the "Claims"), to claim refunds relating to the employee retention tax credit to which Plaintiff was lawfully entitled.[1]

8. Plaintiff's May 1, 2023, 941-X filing for the quarter ending December 31, 2020, was for additional employee retention tax credit.  On or around April 11, 2022, Plaintiff filed a Form 941-X to claim a portion of the employee retention tax credit of which it was entitled for the quarter ending December 31, 2020 (Exhibit F).  Plaintiff has received the initial portion of this claim for refund.

9. Plaintiff filed its Claims within three years of the time the original returns were filed as required by 26 U.S.C. § 6501.

---

[1] Plaintiff filed an additional employee retention tax credit claim for refund for the quarter ending on September 30, 2021, on or around April 9, 2024.  Plaintiff has not received this claim for refund, but more than six months has not elapsed since Plaintiff has filed this claim so it is not included in this Complaint.

10. More than six months have elapsed since Plaintiff timely filed its Claims.

11. IRS has not notified Plaintiff whether its Claims have been allowed.

12. On or around July 31, 2021, Plaintiff filed a Form 941, Employer's QUARTERLY Federal Tax Return to claim the employee retention tax credit for the quarter ending June 30, 2021 (Exhibit G). Plaintiff has received this claim for refund.

### IV.   FACTUAL BACKGROUND

13. At all relevant times, Plaintiff was organized as a for-profit, domestic limited liability company with its principal place of business in Long Beach, California.

14. Plaintiff is in the trade and business of providing last mile delivery services.

15. Plaintiff continued to provide last mile delivery services throughout the COVID-19 pandemic during 2020 through 2021.

16. Plaintiff employed an average of one hundred (100) or fewer full-time employees in 2019.

17. Plaintiff paid qualified wages to its employees during 2020 and 2021.

18. Plaintiff's "qualified wages" did not include any wages paid with Paycheck Protection Program funds that were subsequently forgiven or any wages used to claim any other tax credits, including the Work Opportunity Tax Credit and Families First Coronavirus Response Act tax credits.

19. Plaintiff paid qualified health plan expenses to its employees during 2020 and 2021.

20. Plaintiff's business was formed on August 29, 2019.

21. Plaintiff's business was partially suspended by governmental orders that limited commerce, travel, and group meetings for the period of March 19, 2020, through June 17, 2021.

22. Plaintiff is an "eligible employer" under all applicable statutory provisions, including the Internal Revenue Code and Coronavirus Air, Relief, and Economic Security Act (the "CARES Act"), as amended by the COVID-related Tax Relief Act (the "COVID Relief Act") and the American Rescue Plan Act (the "ARPA"), for employment tax quarters ending June 30, 2020, September 30, 2020, December 31, 2020, and March 31, 2021.

23. Plaintiff initially overreported tax amounts on its Forms 941, Employer's Quarterly Federal Tax Returns, (Exhibit B) for employment tax quarters ending June 30, 2020, September 30, 2020, December 31, 2020, and March 31, 2021, respectively.

24. On or about May 1, 2023, Plaintiff timely filed its Claims for the sum of $641,330.72.

25. $641,330.72 represents the sum of Plaintiff's refundable employee retention tax credits for qualified wages and health plan expenses as follows:

| Tax Period | Refundable Employee Retention Credit |
|---|---|
| Employment Tax Quarter Ending June 30, 2020 | $94,495.65 |
| Employment Tax Quarter Ending September 30, 2020 | $131,759.99 |
| Employment Tax Quarter Ending December 31, 2020 | $54,057.45 |
| Employment Tax Quarter Ending March 31, 2021 | $361,017.63 |
| Total | **$641,330.72** |

26. Certified mail receipts indicate that the IRS received Plaintiff's Claims on or about May 5, 2023.

27. Plaintiff maintained adequate and accurate documentation to support the determination that its business was partially suspended by governmental orders that limited commerce, travel, and group meetings for employment tax quarters ending June 30, 2020, September 30, 2020, December 31, 2020, and March 31, 2021.

28. The IRS issued an employee retention tax credit refund check for the quarter ending December 31, 2020, for $304,475.50 plus $7,478.56 in interest on December 27, 2022.

29. The IRS issued an employee retention tax credit refund check for the quarter ending June 30, 2021, for $324,985.01 on August 24, 2021.

30. The initial refund claim for the quarter ending December 31, 2020, and the refund claim for the quarter ending June 30, 2021, are not a part of this Complaint because the refunds have been received.

### V.     GROUNDS FOR RELIEF

31. The CARES Act was enacted to provide *emergency economic assistance* to help individuals and businesses cope with the economic and public health crisis triggered by the worldwide COVID-19 pandemic. P.L.116, 136,134 Stat. 281 (2020) (*emphasis added*).

32. The CARES Act created an employee retention tax credit designed to encourage eligible employers to keep employees on their payroll despite experiencing economic hardship related to COVID-19. *Id*.

33. Plaintiff retained its employees throughout the pandemic period despite experiencing economic hardship.

34. The IRS has failed to fulfill its statutory duty by holding Plaintiff's funds without justification.

35. Plaintiff is an "eligible employer" under the Internal Revenue Code and CARES Act, as amended by the COVID Relief Act and the ARPA, for employment tax quarters ending June 30, 2020, September 30, 2020, December 31, 2020, and March 31, 2021.

36. Plaintiff initially overreported tax amounts of its Forms 941 for employment tax quarters ending June 30, 2020, September 30, 2020, December 31, 2020, and March 31, 2021.

37. Plaintiff timely filed its Claims with the IRS for employee retention tax credits in the amount of $641,330.72.

38. The IRS has demonstrated unjustified, inconsistent treatment of Plaintiff's employee retention tax credit claims for refund.

39. The IRS's unjustified and inconsistent treatment of Plaintiff's employee retention tax credit claims for refund violates Plaintiff's rights pursuant to 26 U.S.C. § 7803(a)(3), including but not limited to the right to quality service, the right to pay no more than the correct amount of tax, and the right to a fair and just tax system.

40. The IRS Commissioner has breached his duty pursuant to 26 U.S.C. § 7803(a)(2) to ensure that IRS employees are familiar with and act in accord with taxpayer rights.

41. Plaintiff has met all jurisdictional prerequisites required under 26 U.S.C. §§ 7422 and 6532.

42. Plaintiff has met all jurisdictional and legal prerequisites for entitlement to employee retention tax credit claims for refund for employment tax quarters ending June 30, 2020, September 30, 2020, December 31, 2020, and March 31, 2021.

43. Plaintiff is entitled to additional employee retention tax credits of at least $641,330.72, plus interest thereon to the fullest extent of the law.

## VI.   INFORMATION REQUIRED BY RULE 9(m)

44. Exhibit C (Forms 941-X) are copies of Plaintiff's claims for refund.

45. In the claims for refund, Plaintiff sought an employment retention tax credits for the 2020 and 2021 tax years in the amount of $641,330.72.

46. The Forms 941-X were filed by mailing on May 1, 2023, by USPS mail, certified mail receipt, to the IRS at Ogden, UT 84201-0005.

47. The name, address, and identification of the Plaintiff are as follows:

Alpha Express
Tingyng Hsu, Chief Executive Officer
1071 E 45th Way
Long Beach, CA 90807

## VII.   PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Alpha Express, LLC, requests judgment against Defendant, the United States of America as follows:

i) Plaintiff is entitled a refund of $641,330.72, plus interest thereon to the fullest extent of the law for the employment tax quarters ending June 30, 2020, September 30, 2020, December 31, 2020, and March 31, 2021.

ii) Plaintiff is due its reasonable litigation and administrative costs as allowed by law for bringing this cause of action which was necessitated by the IRS' inaction.

iii) Such other and further relief to which Plaintiff, Alpha Express, LLC, is entitled to at law or in equity.

Dated: September 17, 2024

Respectfully submitted,

Vassiliki Economides Farrior
Bar Number: OBA #33387
Ogletree, Deakins, Nash, Smoak
  & Stewart, P.C.
621 N. Robinson Ave., Suite 400
Oklahoma City, OK 73102
(405) 546-3774
(405) 546-3775 (fax)
viki.farrior@ogletree.com

**ATTORNEY FOR PLAINTIFF**